NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 MOTELS, INC, : | |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civil Action No. 06-5231 (WHW) |
| : | |
| KAMLESH KUMAR, and RAJESH : | |
| KUMAR., : | |
| : | |
| Defendants. : | |

**Walls, Senior District Judge**

    Plaintiff Super 8 Motels, Inc. ("Super 8") moves for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), against defendants Kamlesh Kumar and Rejesh Kumar (collectively "the Kumars"). The Kumars have not opposed this motion. Pursuant to Federal Rule of Civil Procedure 78, this motion is decided without oral argument. The motion is granted.

    **FACTS AND PROCEDURAL BACKGROUND**

    Plaintiff Super 8, a South Dakota Corporation with is principal place of business in Parsippany, New Jersey, is a franchisor of guest lodging facilities. The defendants are citizens of the State of California who reside in Westley, California.

    This matter arises out a franchise agreement dated July 2, 2004 between Super 8 and the Kumars (the "Franchise Agreement") for the operation of a 34-room guest lodging facility located at 7115 McCraken Road, Westley, California, Site No. 11237-80255-5 (the "Facility"). Pursuant to this agreement, the Kumars were obligated to operate a Super 8 guest lodging facility for a 20-year term, during which time they were permitted to use the Super 8 marks in

NOT FOR PUBLICATION

association with the operation and use of the Facility as part of the Super 8 franchise system. (Affidavit of K. Noel Hudges ¶ 4 (Dkt. Entry No. 7-3, filed Sept. 7, 2007) ("Hedges Aff.").)

The Franchise Agreement imposed contractual obligations on the Kumars. Under section 3.4 of the Franchise Agreement, the Kumars were required to operate the facility in compliance with Super 8's "System Standards" including its quality assurance requirements. (Id. at ¶ 5.) Super 8 had the right to conduct unlimited quality assurance inspections, and reinspections, of the Facility to determine whether the Facility was in compliance with Super 8's quality assurance requirements. (Id. at ¶6.)

Pursuant to section 7 and Schedule C of the Franchise Agreement, the Kumars were required to make certain periodic payments to Super 8 for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, "Recurring Fees"). (Id. at ¶ 7.) According to the Franchise Agreement, the Kumars agreed to accurately account for and report gross room revenues for purposes of establishing the amount of royalties and other Recurring Fees due to Super 8. (Id. at ¶ 8.) Furthermore, the Kumars were obligated to maintain at the Facility accurate financial information, including books, records and accounts, relating to the gross room revenues; and permit Super 8 to examine, audit and make copies of these records. (Id. at ¶ 9.)

Section 11.2 of the Franchise Agreement governed the termination rights of Super 8. Under this section, Super 8 could terminate the Franchise Agreement, with notice to the Kumars, for various reasons including: (1) failure to pay any amount due Super 8 under the Agreement; (2) failure to remedy any other default of its obligations under the Agreement; and (3) receipt of

**NOT FOR PUBLICATION**

two of more notices of default under the Agreement in any one year period, whether or not the defaults were cured. (Id. at ¶ 10.) In the event that Super 8 terminated the Franchise Agreement pursuant to this section, the Kumars were obligated to pay liquidated damages to Super 8 in accordance with a formula specified in the Agreement. (Id. at ¶ 11.) Under this formula, liquidated damages would be no less than the product of $2,000 multiplied by the number of guest rooms that the Kumars were authorized to operate. (Hedges Aff. Ex. A (Franchise Agreement) at ¶ 12.1). As the Kumars were authorized to operate 34 rooms under the agreement, in the event of an early termination of the agreement liquidated damages would be no less than $68,000. Furthermore, section 17.4 provided that in the event of litigation, the non-prevailing party would "pay all costs and expenses, including reasonable attorney's fees, incurred by the prevailing party to enforce [the Franchise] Agreement or collection amounts owed under [the] Agreement." (Hedges Aff. at ¶ 12.)

On April 11, 2005, Super 8 conducted a quality assurance inspection of the Facility and by way of letter dated May 31, 2005, informed the Kumars that (1) the Facility had received a failing score on the inspection and that, as a result, the Kumars were in default of their obligation under the Franchise Agreement; (2) they had 90 days to cure the default; and (3) if the default was not cured, then reservation service to the Facility might be suspended, and the Franchise Agreement might be subject to termination. (Id. at ¶ 14.)

By way of letter, dated November 23, 2005, Super 8 advised the Kumars that (1) they were in breach of the Franchise Agreement for failing to pay the Recurring Fees; (2) they had 30

NOT FOR PUBLICATION

days to cure this monetary default; and (3) if the default was not cured, then the Franchise Agreement might be subject to termination. (Id. at ¶ 15.)

In or about December 2005, without prior consent of Super 8, the Kumars ceased operating the Facility as a Super 8 lodging facility, and instead began operating it as an America's Best Value Inn. (Id. at ¶ 16.)

By letter, dated December 29, 2005, Super 8 terminated the Franchise Agreement and advised the Kumars that (1) they were to immediately discontinue the use of all trade names, service marks, signs and other forms of advertizing, and other indicia of operation as a Super 8 System facility, and to discontinue the use of other materials on the premises so as to distinguish the Facility from its former appearance as a Super 8 facility; (2) all items bearing the Super 8 Marks had to be removed; (3) all signs and listings in directories and similar guides in which the Facility was identified as a Super 8 had to be changed; (4) they were required to pay Super 8 $68,000 in liquidated damages for premature termination; (5) they were to de-identify the Facility within 14 days from receipt fo the notice; and (6) they were to pay all outstanding Recurring Fees through the date of the termination. (Id. at ¶ 17.)

Super 8 filed the complaint in this matter on November 1, 2006 and service was made personally on Kamlesh and Rajesh Kumar on February 3, 2007. (Affidavit of Matthew Schultz ¶¶ 3-5 (Dkt. Entry No. 7-2, filed Sept. 7, 2007) ("Schultz Aff.").)  The defendants did not answer or otherwise respond to the complaint.  On April 2, 2007, the plaintiff requested that the Clerk of the Court enter default against the defendants.  Default was entered on August 13, 2007.  On September 7, 2007, the plaintiff filed this motion requesting entry of default judgment against the

**NOT FOR PUBLICATION**

defendants. The notice of motion and all supporting papers were served on the defendant by certified and regular mail. Specifically, the plaintiff now seeks to recover the Recurring Fees that were outstanding at the time of the termination of the Franchise Agreement, liquidated damages in the principal amount of $68,000, and attorneys fees and costs equaling $6,414.23. Plaintiff also seeks pre-judgment interest on the Recurring Fees and liquidated damages.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs the Court's entry of default judgment. The party against whom default judgment is requested must have been properly served with process. Fed. R. Civ. P. 55(b)(2); Local Union No. 98, Int'l Bd. of Elec. Workers v. Cableco, Inc., No. 99-755, 1999 WL 269903, at * 1 (E.D. Pa. Apr. 28, 1999). Before a default judgment may be entered by the court, the moving party must have obtained an entry of default pursuant to Rule 55(a). See 10A Wright, Miller, & Kane, Federal Practice and Procedure, § 2682, at 13 (3d ed.1998).

A party seeking default judgment is not entitled to such relief as a matter of right, even where the defendant was served with process, and where the default has been noted pursuant to Rule 55(a). See, e.g., Cableco, Inc., 1999 WL 269903, at * 1 (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303 (3d Cir.1995)). The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984). Thus, when considering a motion for default judgment, a court may consider the following factors: the potential amount of damages; whether issues of material fact or substantial public concern are implicated; whether

**NOT FOR PUBLICATION**

the default is primarily technical; whether the moving party has been substantially prejudiced by the delay involved; whether the grounds for default are clearly established or in doubt; whether the default was attributable to good faith, mistake, or excusable neglect; and whether the court may later be obliged to set aside the default. Franklin v. Nat'l Maritime Union of Am., No. 91-0480, 1991 WL 131182, at *1 (D.N.J. July 16, 1991) aff'd, 972 F.2d 1331 (3d Cir.1992) (citing 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2685 (2d ed. 1983)).

Although the Court should accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing Wright, Miller & Kane, supra, § 2688). Consequently, before granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Directv, Inc. v. Asher, 03-cv-1969, 2006 WL 680533, *1 (D.N.J. March 14, 2006) (citing Wright, Miller & Kane, supra, § 2688). The Court must also "conduct its own inquiry in order to ascertain the amount of damages with reasonable certainty." Internat. Assoc. of Heat & Frost Insulators v. South Jersey Insulation Servs., 05-cv-3143, 2007 WL 276137, *1 (D.N.J. Jan. 26, 2007)(quoting In re Industrial Diamonds, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

NOT FOR PUBLICATION

## DISCUSSION

### A. Liability

The record indicates that Plaintiff effectuated service of process on the defendants. Default was entered by the Clerk. Furthermore, the record indicates that Defendants were served with notice of this motion for default judgment and with supporting documents via certified and regular mail. The Court is satisfied that Defendants had ample notice of the complaint and of the motion for default judgment and chose not to respond.

Accordingly, the Court will treat the allegations as to liability in the complaint as true and admitted by the defendants. Under section 11.2 of the Franchise Agreement, Super 8 could terminate the Franchise Agreement, with notice to Defendants, for, *inter alia*, Defendants' failure to pay any amount past-due under the Franchise Agreement, and for failure to pass Super 8's quality assurance inspections. Because Defendants failed to make required payments, and failed to ensure that the Facility passed Super 8's inspections, Super 8, with notice to Defendants, rightfully terminated the Franchise Agreement. Plaintiff has established grounds for imposing liability on the defendant for breach of the Franchise Agreement.

### B. Damages

The only allegations in a plaintiff's complaint that are not treated as true upon the entry of a default judgment are those pertaining to the amount of damages. Comdyne I, 908 F.2d at 1149. Under Rule 55(b)(2) a district court "may conduct such hearings or order such references as it deems necessary and proper" in order "to determine the amount of damages." Id. There are certain limited situations, however, where a district court can enter a final judgment without

**NOT FOR PUBLICATION**

requiring further evidence of damages. KPS Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003).

First, if the damages are for a "sum certain or for a sum which can by computation be made certain," a further evidentiary inquiry is not necessary. Fed. R. Civ. P. 55(b)(1); KPS Assocs., 318 F.3d at 19; Comdyne I, 908 F.2d at 1149. A claim for damages is not a "sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." KPS Assocs., 318 F.3d at 19. "Such situations include actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." Id. at 19-20.

Second, claims for liquidated damages also do not require further evidentiary inquiry. Id. at 20 (citing 46 Am. Jur. 2d Judgments § 313). Typically, liquidated damages are those either agreed upon by the parties in a contract, or fixed by operation of law. Id.

Here, Super 8 seeks liquidated damages, unpaid Recurring Fees, attorneys fees and costs, and pre-judgment interest on the liquidated damages and unpaid Recurring Fees.[1]

*i.     Liquidated Damages*

In the event of a termination of the Franchise Agreement under Section 11.2, section 12.1 of the agreement obligates the defendants to pay liquidated damages of no less than $2,000 multiplied by the 34, the number of guest rooms the defendants are authorized to maintain. Thus, pursuant to the Franchise Agreement, liquidated damages are to be no less than $68,000. As

---

[1] In its complaint, Super 8 sought a broader range of relief in its complaint than in its motion for default judgment and accompanying affidavits. The Court will rely on Plaintiff's renewed requests for relief in its default motion as the basis of default judgment.

NOT FOR PUBLICATION

plaintiff now seeks this sum certain, no further evidence is necessary to substantiate this amount. Default judgment is granted in the amount of $68,000 in liquidated damages.

   *ii.*  *Recurring Fees*

Under the umbrella of "Recurring Fees," section 7 of the Franchise Agreement requires the defendants to pay royalties, system assessment fees, taxes and interest. The amounts of these fees are set out in the Franchise Agreement. The total amount of Recurring Fees sought by Super 8 varies between its filings. In its complaint, Super 8 seeks $17,144.83 in Recurring Fees owed under the Franchise Agreement. (Complaint ¶ 69.) In its motion for default judgment, Super 8 seeks $19,673.86 in Recurring Fees owed. (Hedges Aff. ¶ 18.) In the letter giving notice of the termination of the Franchise Agreement, dated December 29, 2005, Super 8 sought $16,249.23 in Recurring Fees from the Kumars. (Hedges Aff. Ex. D.) As the sum given in the December 29, 2005 letter is the only one that is supported with an attached schedule detailing the fees owed, that is the number the Court will adopt. Based on this detailed statement setting out the fees owed, the Court is satisfied that Super 8 has demonstrated the amount of Recurring Fees owed by the defendants and default judgment is granted in the amount of $16,249.23.

   *iii.*  *Pre-judgment Interest on Liquidated Damages and Recurring Fees*

Super 8 asserts that it is entitled to pre-judgment interest on the liquidated damages and on the Recurring Fees, calculated at a rate of 1.5% per month starting December 29, 2005 (the date of the termination)[2] through and continuing until the September 10, 2007 return date of this

---

[2] Plaintiff seeks pre-judgment interest from December 29, 2005, the date of the termination of the franchise agreement. However, section 12.1 of the Franchise Agreement explicitly states that the liquidated damages are to be paid "within 30 days following the termination." Furthermore, this section also states that the defendants are to pay "Interest calculated under Section 7.3 accruing from 30 days after the date of termination." (Hedges Aff.

**NOT FOR PUBLICATION**

motion. In addition, Super 8 seeks pre-judgment interest for these damages, at the same rate, from the return date until the date of judgment. (Hedges Aff. at ¶ 20.)

Section 7.3 of the Franchise Agreement provides that interest will be paid at a rate of 1.5% per month on any past due Recurring Fees. (Hedges Aff. Ex. A at 10.) The Franchise Agreement does not contain such a provision relating to interest to be paid on liquidated damages. However, under New Jersey law, "the award of prejudgment interest for claims arising in contract is subject to the discretion of the trial court." Cooper Distrib. Co. v. Amana Refrigeration, Inc., 63 F.3d 262, 284 (3d Cir.1995) (citing Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 478 (1988)). Pre-judgment interest can be awarded on either liquidated or unliquidated damages, in order "to indemnify the claimant for the loss of what the moneys due him would presumably have earned if the payment had not been delayed." Id. (quoting Ellmex Constr. Co. v. Republic Ins. Co. of Am., 202 N.J. Super. 195, 212-13 (App. Div. 1985), cert. denied, 103 N.J. 453 (1986)). The "basic consideration" in awarding pre-judgment interest is that the defendant has had the use, and the plaintiff has not, of the amount in question; and the interest factor simply covers the value of the sum awarded for the prejudgment period during which the defendant had the benefit of monies to which the plaintiff is found to have been earlier entitled. County of Essex v. First Union Nat'l Bank, 186 N.J. 46, 61 (2006).

Here, since the plaintiff has been denied the use of both the amount due in liquidated damages and the amount due in Recurring Fees, the Court is satisfied that awarding pre-judgment interest is appropriate. Super 8 is entitled to $19,816.23 in pre-judgment interest on the

---

Ex. A at 15.) As such, the Court will calculate interest beginning 30 days after the termination of the Franchise Agreement, on January 28, 2006.

NOT FOR PUBLICATION

liquidated damages for the period from January 28, 2006 to the September 10, 2007 return date.[3]

It is entitled to $4,735.87 in pre-judgment interest on the Recurring Fees for this period.[4]  For the

period from the September 10, 2007 return date until April 1, 2008, the date of this judgment,

Super 8 is entitled to $6,840.12 in pre-judgment interest on the liquidated damages and

$1,634.04 on the Recurring Fees.[5]  Accordingly, default judgment for pre-judgment interest on

liquidated damages and Recurring Fees will be entered in the total amount of $33,026.26 .

    iv.    *Attorney's Fees & Costs*

Section 17.4 of the Franchise Agreement provides that "[t]he non-prevailing party will

pay all costs and expenses, including reasonable attorney's fees, incurred by the prevailing party

to enforce [the Franchise] Agreement or collect amounts owed under [the] Agreement." ((Hedges

Aff. Ex. A at 20.)  Although the Court finds that Super 8 is entitled to recover reasonable

attorney's fees and costs associated with bringing this action, the Court is not satisfied with the

generalized and vague descriptions of the services rendered provided in the Affidavit of Matthew

---

[3] The interest rate of 1.5 percent per month is equivalent to a rate of 18 percent per year. Eighteen percent of the $68,000 liquidated damages amount is $12,240. That amount divided by 365 days in a year, equals the amount of interest due *per diem*: approximately $33.53. From January 28, 2006 (the first day liquidated damages were due under section 12.1 of the Franchise Agreement, i.e., 30 days after the December 29, 2005 termination date), to the September 10, 2007 return date, 591 days elapsed. Thus, the product of $33.53 multiplied by 591 days equals the pre-judgment interest due for the period prior to the return date: $19,816.23

[4] Eighteen percent of the $16,249.23 owed in Recurring Fees is $2,924.86 in interest due per year. That amount divided by 365 days in a year, equals approximately $8.01 in interest due *per diem*. This number multiplied by 591 days, equals $4,735.87 due in pre-judgment interest for the period prior to the return date.

[5] 204 days have elapsed since the return date of September 10, 2007 and April 1, 2008, the date of this judgment. At $33.53 *per diem*, this equals $6,840.12 due in pre-judgment interest for this period on the liquidated damages. At $8.01 *per diem*, this equals $1,634.04 due in pre-judgment interest for this period on the Recurring Fees.

**NOT FOR PUBLICATION**

Schultz. (Schultz Aff. ¶¶ 9-11.) Pursuant to Local Civil Rule 54.2, the Court requests that Super 8 submit, within thirty (30) days of the date of this opinion, an application for the Court's review detailing how attorney's fees and costs were calculated, including descriptive time entries from counsel's billing records. As requested by Super 8, these documents will be subject to an *in camera* review to accommodate counsel's attorney-client privilege concerns.

**CONCLUSION**

For the preceding reasons, Super 8's motion for judgment by default is granted. Judgment is entered in the amount of $117,275.49. Super 8 shall have thirty (30) days from the date of this Opinion to submit an application detailing the attorney's fees and costs requested.

**s/William H. Walls**
United States Senior District Judge

**Appearances**

Matthew S. Schultz, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068

Attorney for Plaintiff Super 8 Motels, Inc.